The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dillard. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties entered into a Form 21 agreement and Form 26 agreement. Both of those agreements are incorporated into the record of this hearing. The Form 21 agreement was entered on March 12, 1990 and approved by the Industrial Commission on April 17, 1990. The Form 26 agreement was entered on December 20, 1990 and approved by the Industrial Commission on January 25, 1991. Pursuant to the agreements for compensation, plaintiff sustained an injury by accident arising out of and in the course and scope of his employment on January 16, 1990. The plaintiff's injury involved his back. Plaintiff's average weekly wage was $621.59, yielding the maximum compensation rate of $390.00 per week. The plaintiff was compensated with temporary total disability compensation from January 31, 1990 to October 30, 1990 and December 4, 1990 through December 3, 1992.
2. The North Carolina Industrial Commission approved the defendants' Form 24 Application to Terminate Compensation on December 4, 1992. Compensation was thereafter terminated with the plaintiff having been paid a total of 144 3/7 weeks of compensation. The Form 24 was approved based on defendants' allegations that the employee had not cooperated with efforts of General Rehabilitation Services, Inc. and had not sought employment from job leads furnished by General Rehabilitation Services, Inc.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The plaintiff was employed by defendant as a tire builder. The plaintiff, as agreed to on a Form 21 approved by the Commission, sustained an injury by accident arising out of and in the course and scope of his employment on January 16, 1990.
2. Subsequent to the plaintiff's January 1990 injury by accident, he had surgery followed by a course of physical therapy in Raleigh with Wayne Gray. The plaintiff testified that he felt good following his physical therapy. Plaintiff was sent to Dr. Smoot to see if his weightlifting range could be raised, but it was not. Plaintiff has not returned to work.
3. Defendants assigned a rehabilitation service to work with the plaintiff. The plaintiff sought employment. He followed up on some of the job leads furnished by the rehabilitation consultant and he made many contacts on his own. Plaintiff's Exhibit #2, which was received into evidence, is a collection of job applications submitted by the plaintiff as evidence of his attempt to seek employment.
4. The rehabilitation consultant was of the opinion that the plaintiff had not participated adequately in the job search and reported that he often refused to follow up on job leads, citing pain as his problem.
5. The plaintiff did experience pain in his back and his pain was of such extent that it prevented him from seeking employment and earning any wages as a result of his January 16, 1990 injury by accident and his subsequent surgeries.
6. Dr. Carol Wadon finally refused to see the plaintiff and canceled his appointments because she was of the opinion that there was nothing further she could do for him. Plaintiff was last seen by Dr. Wadon on October 22, 1991 at which time she released him to return to work with restrictions of no lifting more than 35 pounds and no prolonged bending or stooping. Dr. Wadon opined that the plaintiff had a 15% permanent partial disability for his back.
7. Dr. Gary Smoot saw the plaintiff on behalf of defendants. Dr. Smoot is the doctor who refused to reduce the plaintiff's weight restrictions and he opined that the plaintiff did not need additional surgery and retained only a 10% permanent partial disability rating to his back.
8. The defendants placed the plaintiff on medical retirement because there was no work that would fit with his limitations. At one point, plaintiff had attempted to return to work with the defendant and work a limited schedule while continuing to participate in a work-hardening program; however, defendants would not agree to this arrangement.
9. The defendants have not offered that plaintiff any work suitable to his restrictions.
10. The plaintiff has cooperated with his rehabilitation vocational counselors. Although he may from time to time have expressed his opinions that the wages to certain jobs were not comparable to the $15.00 per hour he was making with defendant, he nonetheless submitted applications at many prospective employers and visited approximately 200 such prospective employers, according to his testimony.
11. The plaintiff, in addition to limitations resulting from his compensable back injury, has only a sixth grade education and has primarily worked construction jobs during his lifetime. He has had no further vocational training. Defendants' rehabilitation counselors attempted to obtain the plaintiff employment with convenience stores where he not only would do stocking work, which according to some of the applications submitted would involve lifting of weights in excess of his limitations, but would also require him to operate cash registers and to be proficient in math, an area which the plaintiff has no training and no known skills. Additionally, the rehabilitation witness testified that they tried to obtain the plaintiff employment in telemarketing jobs and in one instance even tried to get him to accept employment in a door-to-door type adventure where he would have to buy some type of promotional kit to start work. The efforts of the rehabilitation counselors with respect to such employment efforts were unreasonable and rather futile with an individual with the plaintiff's education and previous work experience.
12. Plaintiff had a manic-depressive problem which the rehabilitation counselors did not take into consideration in attempting to obtain employment for him. Mr. Cunningham, one of the rehabilitation consultants, did not even recall when he testified, whether or not there was a functional capacity evaluation for the plaintiff. Mr. Cunningham testified that the plaintiff had turned down several convenience store referrals, but when he checked his reports, he was unable to verify this. It is noteworthy that there were copies of applications and evidence that the plaintiff filed with the various convenience stores. Mr. Cunningham did not even check with the defendant to see if there was employment to which the plaintiff could return.
13. The defendants' rehabilitation efforts with the plaintiff appear to only have been that of suggesting job leads and there has been no efforts to rehabilitate or reeducate the plaintiff to allow him to commence some type of gainful employment that will fit within his restrictions.
14. The plaintiff is not disabled from all work, but he has restrictions and limitations, and his employer, the defendants herein have not offered him light duty work and plaintiff has been unable own his own or through limited efforts of Rehabilitation Services to obtain other employment.
15. The plaintiff, as a result of his January 16, 1990 compensable injury by accident, continues to be temporarily totally disabled and is entitled to continuing temporary total disability compensation since December 3, 1992 at the compensation rate of $390.00 per week.
16. The plaintiff did not fail to cooperate with the rehabilitation efforts and the Form 24 approved in this case by the Industrial Commission on November 4, 1992 should not have been approved.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The defendants shall pay to the plaintiff temporary total disability benefits at the rate of $390.00 per week commencing on December 4, 1992 and continuing until plaintiff returns to work or until further orders of the Industrial Commission. N.C.G.S. § 97-29.
2. Defendants shall pay all medical expenses incurred by the plaintiff as a result of the injury by accident giving rise hereto when bills for the same have been submitted to the defendant-carrier and approved pursuant to procedures established by the Industrial Commission. N.C.G.S. § 97-25.
3. A reasonable counsel fee in the amount of 25 percent of the compensation awarded to the plaintiff herein is hereby approved and allowed for plaintiff's counsel. N.C.G.S. § 97-90.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to counsel fee, the defendants shall pay to the plaintiff compensation benefits at the rate of $390.00 per week commencing on December 4, 1992 and continuing until the plaintiff returns to work or until further orders of the Industrial Commission. As to that portion of said compensation that has accrued, the same shall be paid in a lump sum without commutation.
2. Defendants shall pay all medical expenses incurred by the plaintiff as a result of the injury by accident giving rise hereto when bills for the same have been submitted to the defendant-carrier and approved pursuant to procedures established by the Industrial Commission. Pursuant to N.C.G.S. 97-25, this includes all medical, hospital, surgical or other treatment or rehabilitative procedures which may be necessary for the plaintiff to effect a cure, give relief, or to lessen his period of disability.
3. A reasonable counsel fee in the amount of 25% of the compensation awarded to the plaintiff herein is hereby approved and allowed for plaintiff's counsel. Said counsel fee shall be deducted from the compensation payable to the plaintiff and paid directly to plaintiff's counsel. As to the counsel fee that has accrued, the same shall be paid directly to plaintiff's counsel. As to counsel fee accruing from compensation payable to the plaintiff in the future, every fourth check of compensation payable to the plaintiff shall be paid directly to plaintiff's counsel.
4. The defendants shall pay the costs.
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/CNP/mj 6/1/95